UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | | |
|---|---|---|---|
| IN RE: | TROY CARTER | : | Case No. 10-16168-RGM |
| | MELVINIA CARTER | : | |
| | Debtors. | : | CHAPTER 13 |

## MOTION FOR RULE 9011 SANCTIONS

Come now the Debtors, by counsel, and move the Court for an award of sanctions against JP MORGAN CHASE BANK, N.A. (hereinafter "JPMC") under Rule 9011, to include attorney's fees and costs incurred on grounds as follows:

1. JPMC has filed a Proof of Claim in this matter based on an adjustable rate first trust and underlying note (hereinafter "the trust and note") secured on Debtors' residential real estate at 16305 Taconic Circle, #88A, Dumfries, Va., 22026.

2. The trust and note were modified by a Modification Agreement effected June 1, 2008 which amended certain terms of the trust and note, including the then current interest rate in Paragraph 3, but expressly affirmed that the interest rate of future payments under the Modification Agreement would adjust as set out in the trust and note. A copy of the trust and note are attached to JPMC's Proof of Claim and a copy of the Modification Agreement is attached as Exhibit A.

3. JPMC claims 22 months of arrears at fixed monthly payments figured on the initial interest rate of the Modification Agreement and has demanded ongoing payments based on the same interest rate.

4. That Debtors have filed a Chapter 13 Plan proposing to bring current the arrears on that trust and note and to make ongoing payments.

5. That JPMC has filed an objection to this Plan based on its allegation that its arrears claim has not been met in the proposed Plan. That objection has been continued several times to obtain payment history at Debtors' request.

6. That Debtors, by counsel, have by letter dated September 30, 2010, copy attached as Exhibit B, pointed out to JPMC that, while Debtors' Plan provision for the arrears is admittedly underfunded, the JPMC claim is likely in error for the reasons set out above, and asking for copies of a payment history and the Modification Agreement. Counsel received no response and filed a claim objection on November 30, 2010.

7. Thereafter, JPMC, shortly before the continued December 8, 2010 hearing on its claim objection, furnished Debtors with a copy of the Modification Agreement which showed that payments in arrears and ongoing payments were in fact being calculated wrong. No other requested documents were supplied.

8. After receipt of the Modification Agreement, Debtors amended their claim objection to point out specifically why the arrears claim and ongoing payment claim was clearly in error.

9. That since the filing of this matter Debtors have been sending their ongoing payments to JPMC at the address supplied by JPMC in monthly statements, see Exhibit C attached, and JPMC has been returning these payments to Debtors, claiming that loan servicing was transferred in 2009 to an unnamed party, see Exhibit D as attached. Debtors have sent payments directly to counsel for JPMC asking that such action be corrected to no avail.

10. That Debtors' counsel met with counsel on December 8, 2010 and pointed out all of the foregoing to no avail.

11. That this action is in violation of Rule 9011(b)(3) in that JPMC persists through numerous hearings that the figures in its Proof of Claim are accurate when it should clearly know otherwise and in other action set out above which needlessly delays and adds expense to these proceedings.

WHEREFORE, Debtors move the Court to order JPMC to:

1) properly amend its Proof of Claim;

2) take ongoing payments or inform Debtors of the lawful holder or servicer of the note;

3) award Debtors' attorney's fees and costs.

/s/ Troy S. Carter
TROY CARTER

/s/ Melvinia Carter
MELVINIA CARTER
Debtors,

RONALD B. COX, ESQUIRE
Counsel for Debtors
P.O. Box 468
308 Poplar Alley, Suite C
Occoquan, Virginia 22125
(703) 490-3000
VIRGINIA STATE BAR NUMBER: 16981

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2010 a true copy of the foregoing Motion was mailed (without filing) via U.S. first class mail to each of the following as addressed:

Trenita Jackson Stewart
Shapiro & Burson
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462

JP Morgan Chase Bank, N.A.
Attn.: OH4-7302
3415 Vision Drive
Columbus, OH 43219

Thomas P. Gorman, Trustee
300 N. Washington Street
Suite 400
Alexandria, VA 22314

And as of this 25th day of January, no response has been received.

/s/ Ronald B. Cox
Ronald B. Cox, Esquire
Counsel for Debtors