Brian F. Kenney (VA Bar #23199)
Miles & Stockbridge, P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
(703) 610-8664
(703) 610-8686 (Facsimile)
bkenney@milesstockbridge.com
*Counsel for JP Morgan Chase Bank, N.A.*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TROY L. CARTER | ) | Case No. 10-16168-RGM |
| And | ) | |
| MELVINIA CARTER | ) | |
| | ) | |
| Debtors. | ) | Chapter 13 |
| | ) | |
| _____ | ) | |

**RESPONSE OF JP MORGAN CHASE BANK, N.A. TO DEBTORS' MOTION FOR
RULE 9011 SANCTIONS**

JP Morgan Chase Bank, N.A., ("Chase"), and its assignees and/or successors in interest,

a secured creditor in the above-titled Bankruptcy proceeding, by and through its undersigned

counsel, hereby files its Response to the Motion for Rule 9011 Sanctions filed by Debtors, Troy

L. Carter and Melvinia Carter ("Debtors") and in support thereof, state as follows:

1.      On or about August 13, 2010, Chase filed its Proof of Claim in this case, claiming

$235,336.99, arising out of an underlying Note and Deed of Trust securing Debtors' residential

real property.   Specifically, Chase objected to Debtors' Plan on the ground that it failed to

provide Chase with adequate protection or adequate security for its arrears claim.

2.      The original Note and Deed of Trust were modified by a Loan Modification

Agreement effective June 1, 2008, which amended certain provisions of the original Note and

Deed of Trust, including the then current interest rate of 9.750%, which was modified to 9.463% ("Modified Interest Rate"). A true and accurate copy of the Loan Modification Agreement is attached to Debtors' Motion for Sanctions as Exhibit A. Paragraph 6 of the Loan Modification Agreement states, in relevant part, as follows:

> Notwithstanding this Modified Interest Rate, if the Note and Security Instrument provide an index for periodic adjustments to the interest rate, then the interest rate and corresponding monthly payments shall adjust periodically in accordance with the provisions of the note and Security Instrument.

3.      The original Note, a copy of which was filed with Chase's Proof of Claim, provides for an adjustable interest rate on the first day of August 2007, and on that day every sixth month thereafter, based on the 6th month LIBOR rate plus 4.990%, subject to an overall maximum rate of 13.750% and minimum rate of 7.750%, and a limitation of 1 percentage point increase or decrease for any single change date.

4.      Chase alleged that its claim included $41,402.15 in total pre-petition arrearages and attorney's fees and costs, which consisted of 22 monthly payments of $1,791.64 from October 1, 2008 to July 1, 2010. Chase calculated the claimed monthly payment amounts, and therefore, the total prepetition arrearages, based upon the fixed Modified Interest Rate of 9.463%.

5.      The Debtors objected to Chase's Proof of Claim, and sought sanctions against Chase for violation of Rule 9011(b)(3), on the ground that Chase's arrears claim and ongoing payment claim are in error, because they are improperly calculated based upon a fixed interest rate.

6.     Chase does not contest the basis of Debtor's objection to the Chase Proof of Claim. The Debtors are correct, in that the interest rate is subject to change, and is not a fixed rate.

7.     Chase will amend its Proof of Claim to reflect claimed monthly payment amounts and total prepetition arrearages, which are based upon interest rates calculated in accordance with the terms of the Loan Modification Agreement and Note, as described hereinabove.

8.     No sanctions are appropriate in this case.  The Chase Proof of Claim is based on the fixed rate provided for in the Loan Modification Agreement.   However, the Debtors are correct, in that the Loan Modification Agreement incorporates the terms and conditions of the Note, which does provide for interest rate modifications.

9.     Further, sanctions cannot be entered under Rule 9011, because the Debtors have not provided Chase with the requisite 21 safe harbor motion.  See Bank. Rule 901(c)(1).

## Conclusion

For the foregoing reasons, JP Morgan Chase Bank, N.A., prays that the Debtors' Motion for Sanctions be denied.

Respectfully submitted,

JP Morgan Chase Bank, N.A.
Secured Creditor, by counsel

**Miles & Stockbridge, P.C.**
1751 Pinnacle Drive, Suite 500
McLean, VA  22102
Telephone:  703-610-8664
Facsimile:  703-610-8686


By:___*/s/ Brian F. Kenney*_____
     Brian F. Kenney (VSB #23199)
     *Counsel for JP Morgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March 2011, a true and correct copy of the foregoing **Response to Debtors' Motion for Rule 9011 Sanctions,** was sent by United States Postal Service, first-class postage prepaid to the following:

*Counsel for Debtors*:
Ronald B. Cox
P.O. Box 468, Suite C
308 Poplar Alley
Occoquan, VA 22125

Trenita Jackson Stewart
Shapiro & Burson
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462

*Trustee*:
Thomas P. Gorman
300 N. Washington Street
Suite 400
Alexandria, VA 22314

> _____*/s/ Brian F. Kenney*_____
> Brian F. Kenney